Case 2:21-cv-00001   Document 30   Filed on 03/25/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BERNADETTE WHITFIELD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-1 |
| | § | |
| BROOKE SPITZER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendant's Motion for Leave to Designate Responsible Third Party. (D.E. 22), to which Plaintiff has responded and Defendant has replied. (D.E. 28 and D.E. 29). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (D.E. 19). After consideration of the parties' briefing and the applicable law, the undersigned **RECOMMENDS** Defendant's Motion be **DENIED**. (D.E. 22).

**I.   BACKGROUND**

This diversity action arises from a February 13, 2019 car accident in Kingsville, Texas, where Plaintiff alleges Defendant rear ended her while she was stopped in her 2001 Jeep Grand Cherokee at a stop sign. (D.E. 1-2). On October 28, 2020, Plaintiff filed the instant action in the 105th Judicial District Court in Kleberg County, Texas. (D.E. 1 and D.E. 1-3). Defendant was served on December 5, 2020 and removed the action to this Court on January 4, 2021. (D.E. 1 and D.E. 22). On February 10, 2021, Defendant, who was operating a 2000 Chevrolet Blazer at the time of the accident, filed

her first Motion for Leave to Designate a Responsible Third Party, alleging a General Motors Company ("GMC") brake defect subject to a recall contributed to or caused the accident because the defect increased the brake stopping distance of her vehicle. (D.E. 16 and D.E. 17). This motion was struck on February 12, 2021 because Defendant failed to follow the local rules as the motion did not contain a certificate of conference. (D.E. 20). The statute of limitations expired the next day, on February 13, 2021.[1] Defendant properly filed the pending Motion for Leave to Designate on February 26, 2021. (D.E. 22). Plaintiff responds that the statute of limitations for the underlying cause of action has now expired and as Defendant failed to timely disclose her intent to designate any responsible third parties, her Motion to Designate GMC is untimely. (D.E. 28).

**II. APPLICABLE LAW**

Section 33.004 of the Texas Civil Practice and Remedies Code allows a defendant sued in tort to designate an entity or individual who is not a party to the suit but who the defendant contends is at least partially responsible for the plaintiff's injury so their fault can be considered by the jury in apportioning responsibility.[2] The statute defines a responsible third party as:

---

[1] The parties agree the statute of limitations on Plaintiff's claims, under Texas law, expired on February 13, 2021. (D.E. 28, Page 1 and D.E. 29); Tex. Civ. Prac. & Rem. Code 16.003 (There is a two-year statute of limitations for personal injury cases in Texas).

[2] "District courts in the Fifth Circuit have found that Texas' proportionate responsibility statute, Tex. Civ. Prac. & Rem. Code § 33.004, is not in conflict with the Federal Rules of Civil Procedure and can therefore apply substantively in a diversity case." *Vecron Exim. Ltd. XPO Logistics, Inc*., Civ. A. No. H-18-2394, 2019 WL 2025206, at *4 (S.D. Tex. May 8, 2019) (citations omitted); *Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, No. H-15-868, 2017 WL 2156358, at *1 (S.D. Tex. May 17, 2017) (While federal third-party practice is governed by Rule 14 of Federal Rules of Civil Procedure, designation of a responsible third party under the § 33.004 does not conflict with Rule 14).

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

*Id*. § 33.011(6). When a responsible third party is designated, the designation enables the defendant "to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit." *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F.Supp.3d 686, 688 (E.D. Tex. 2014). If the responsible third party is allocated a percentage of responsibility by the jury, this allocation does not impose any liability as the responsible third party is designated but not formally joined in the case. *Id*.; Tex. Civ. Prac. & Rem. Code §§ 33.003(a) and 33.004(i). However, the defendant's liability is reduced by the percentage of responsibility attributed to the third party. Tex. Civ. Prac. & Rem. Code §§ 33.002 and 33.004; *Withers*, 13 F.Supp.3d at 688 (Section 33.004 allows for the "proper allocation of fault among both the named defendants and those persons designated as responsible third parties.")

A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate on or before the 60th day before the trial date, unless the court finds good cause to allow the motion to be filed at a later date. Tex. Civ. Prac. & Rem. Code § 33.004(a). A plaintiff may counter the designation by joining the responsible third party as an additional defendant. *Withers*, 13 F.Supp.3d at 688 (By joining the designated third party, all parties appear in court to defend themselves and face potential liability for their portion of responsibility). However, a plaintiff may be

barred by the limitations period from joining a responsible third party, creating an imbalance allowing the defendant to blame a judgment proof party. *Withers*, 13 F. Supp. 3d at 689 (If the statute of limitations has expired when a third party is designated, an unfair burden at trial is created as "plaintiff has to attempt to exonerate the judgment-proof third party, in addition to building a case against the defendant.") Therefore, § 33.004(d) acts as a procedural safeguard to prevent defendants from belatedly designating responsible third parties against whom plaintiffs cannot recover. *Armstrong*, 2017 WL 2156358, at *2 (If a defendant fails to timely disclose a responsible third party, that defendant should not be permitted to "undercut the plaintiff's case by belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery.") (citing *Withers*, 13 F.Supp.3d at 689). Pursuant to §33.004, a defendant must timely disclose the potential third party prior to the running of the statute of limitations. Tex. Civ. Prac. & Rem. Code §33.004(d).[3] While "timely" is not defined, many federal courts examine when the plaintiff filed suit to determine whether a defendant's disclosure was timely. *Armstrong*, 2017 WL 2156358, at *2; *Gutierrez v. Tractor Supply Co.*, No. H-15-778, 2018 WL 3055752, at *3 (S.D. Tex. June 20, 2018) (citations omitted); *Withers*, 13 F. Supp.3d at 689-90; *Curlee v. United Parcel Serv., Inc.*, No. 3:13-cv-344-P, 2014 WL 11516541, at *2 (N.D. Tex. Dec. 12, 2014). If a plaintiff

---

[3]Specifically, subsection (d) provides:

A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem. Code § 33.004(d).

waits to file suit until shortly before or after the expiration of the statute of limitations, a defendant's disclosure of a responsible third party may be timely even if a plaintiff no longer has any recourse against the third party. *Gutierrez*, 2018 WL 3055752, at *3 (A defendant has a duty to disclose the existence of any potential responsible third parties as soon as reasonably possible to allow plaintiff the opportunity to join them in the suit before limitations expires) (citing *Withers*, 13 F.Supp.3d at 690) ("The obligation on the Defendant to timely discover and disclose any such responsible third parties before the statute of limitations runs is but a fair and reasonable burden when compared to the excessive burden that would otherwise be visited upon the Plaintiff."); *Curlee*, 2014 WL 11516541, at *2 (Where plaintiffs filed their case one day before the expiration of the statute of limitations, defendants had no opportunity to designate responsible third parties before its expiration).

### III.   ANALYSIS

Here, Plaintiff filed suit on October 28, 2020.  Defendant was served on December 5, 2020.  Over a month later, on February 10, 2021, Defendant first sought to designate GMC as a responsible third party, although this motion was struck as Defendant failed to follow the local rules by including a certificate of conference.  (D.E. 16, D.E. 17 and 20). Plaintiff asserts, and Defendant provides no evidence to the contrary, that this was Defendant's first indication of her intention to designate GMC as a responsible third party.  (D.E. 28, Page 4).  Rather, Defendant asserts her first improperly filed motion was sufficient notice as it was filed three days before the statute of limitations ran.  (D.E. 29).

As stated previously, what is considered to be a timely disclosure is to be determined by courts on a case by case basis. *Withers*, 13 F. Supp. 3d at 690-91; *Gutierrez*, 2018 WL 3055752, at *3 (citations omitted). Here, Plaintiff served Defendant over a month before the statute of limitations ran. Defendant did not plead or otherwise indicate she considered GMC a responsible third party regarding the alleged manufacturing defect until three days before limitations expired. Even if the first improperly filed motion could be construed as notice, this left Plaintiff just three days to join GMC as a defendant which the undersigned finds is insufficient to be considered a timely disclosure. Defendant must have known of the alleged defect well before the suit was filed as the documentation provided in support of a brake recall shows the first notice was issued on August 11, 1999. (D.E. 22-2, Page 5). Further, Defendant would have known her brakes failed or were otherwise not functioning properly on the day of the accident if, as she alleges, she was unable to stop due to their malfunction. Therefore, she could have investigated the cause of their alleged failure well before the suit was even filed.

Accordingly, having over a month afforded Defendant a realistic opportunity to seek designate a third party well before the expiration of the statute of limitations. *Curlee*, 2014 WL 11516541, at *2; *Withers*, 13 F. Supp. 3d at 690-91. However, Defendant improperly filed her first motion to designate just three days before the expiration of the deadline and did not properly file her motion until 13 days after the statute of limitations had expired, leaving Plaintiff unable to join GMC as a party to seek

recovery. Therefore, the undersigned recommends Defendant is precluded from designating GMC as a responsible third party.[4]

### IV.    RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** Defendant's Motion be **DENIED**.  (D.E. 22).

Respectfully submitted this 25th day of March 2021.

Jason B. Libby
United States Magistrate Judge

---

[4] While Plaintiff alternatively requests the Court strike the motion because Defendant has presented no evidence that GMC is responsible for any portion of Plaintiff's damages, the undersigned declines to consider this argument having found the motion itself is untimely. (D.E. 28, Page 5).

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).